*Copy*

*Judge Pauley*

PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

08 CV 02137

RECEIVED
MAR 03 2008
U.S.D.C S.D N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and
TRAINING PROGRAM FUND,

                            Plaintiffs,

        - against -

SAFEWAY ENVIRONMENTAL CORP.,

                          Defendant.
-------------------------------------------------------------------X

08 Civ.

**COMPLAINT**

      Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

<u>NATURE OF THE ACTION AND JURISDICTION</u>

      1.     This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the Funds for injunctive and other equitable relief and for breach of contract. This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendant violated its collective bargaining agreements, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act and/or ERISA.

2.    Jurisdiction of this Court is invoked under the following statutes:

   (a)    Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

   (b)    Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

   (c)    28 U.S.C. § 1331 (federal question);

   (d)    28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

   (e)    principles of pendent jurisdiction.

3.    Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4.    Plaintiffs Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)).  The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).  The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Mason Tenders District Council of Greater New York (the "Union").  The Mason Tenders District Council Welfare Fund, as the authorized agent, also collects and remits the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYSLECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNYLECET"), the New York State Laborers Health and Safety Trust Fund ("NYSLHST") and the Industry Advancement Fund ("IAF"), and the dues checkoffs and Political Action Committee ("PAC") contributions due to the Union.  The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

5.      The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6.      At all times material hereto, defendant Safeway Environmental Corp. ("Safeway") has been a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.      Defendant Safeway is a member of non-party Environmental Contractors Association, Inc. (the "ECA"), the bargaining agent for its members for purposes of collective bargaining with the Union.

8.      The ECA executed collective bargaining agreements with the Union (the "ECA Agreements"), with respect to which plaintiffs Funds are third-party beneficiaries.

9.      As a member of the ECA, defendant Safeway agreed to comply with and to be bound by all of the provisions of the ECA Agreements.

10.     Defendant Safeway is also a member of non-party New York City Demolition Contractors Association (the "DCA"), the bargaining agent for its members for the purpose of collective bargaining with the Union.

11.     The DCA executed collective bargaining agreements with the Union (the "DCA Agreements", sometimes referred to collectively with the ECA Agreements as the "Agreements"), with respect to which plaintiffs Funds are third-party beneficiaries.

12.     As a member of the DCA, defendant Safeway agreed to comply with and to be bound by all of the provisions of the DCA Agreements.

13.     Defendant Safeway is also a member of non-party Interior Demolition Contractors Association (the "IDCA"), the bargaining agent for its members for the purpose of collective bargaining with the Union.

14.     The IDCA executed collective bargaining agreements with the Union (the "IDCA Agreements", sometimes referred to collectively with the ECA Agreements and the DCA Agreement as the "Agreements"), with respect to which plaintiffs Funds are third-party beneficiaries.

15.     As a member of the IDCA, defendant Safeway agreed to comply with and to be bound by all of the provisions of the IDCA Agreements.

## THE AGREEMENTS AND TRUSTS

16.     Pursuant to the terms of the Agreements and the Trusts, defendant Safeway is required, *inter alia*, to:

(a)     pay monetary contributions to the Funds and to the authorized agent of the NYSLECET, GNYLECET, NYSHST and IAF (the "fringe benefit contributions"), at the rates and times set forth in the Agreements, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

(b)     submit contribution reports to the Funds;

(c)     in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

(d)     deduct and remit to the Union dues checkoffs and PAC contributions (at the rates per hour specified by the Union), from the wages paid to employees who authorize said deductions in writing, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

(e)     permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all books and records of defendant, including, without limitation, all payroll sheets, computer payroll printouts, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B or NYS 45 (NY), and WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendant;

(f)     pay the costs of the audits if defendant is substantially delinquent in the payment of fringe benefit contributions to the Funds. "Substantially

4

delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit; and

(g)    in the event the Funds bring an action to recover the costs of the audits, defendant is obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

17.    Pursuant to the terms of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Agreements.

18.    Failure to make such payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

19.    The Agreements, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (CLAIM FOR FRINGE BENEFIT CONTRIBUTIONS)

20.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint, as if fully set forth herein.

21.    As a result of work performed pursuant to the Agreements by individual employees of defendant, fringe benefit contributions in the amount of $506,798.77, as determined by audits of defendant's books and records covering the periods January 1, 2003 through March 31, 2003, April 1, 2003 through September 29, 2004 and September 30, 2004 through June 26, 2005, became due and owing from defendant.

22.    Part of the aforesaid fringe benefit contributions contractually due has been paid by defendant, although all fringe benefits contributions have been duly demanded.  A balance of $36,305.10 remains due and owing.

23.    Defendant's failure to make payment or timely payment constitutes a violation of the Agreements, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

24.    Accordingly, pursuant to the Agreements, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant Safeway is liable to plaintiffs Funds for: (a) the balance of fringe benefit contributions in the amount of $36,305.10, plus such additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period June 27, 2005 to the date of judgment; and (b) the interest and liquidated damages on all the unpaid and untimely paid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

<u>AS AND FOR A SECOND CLAIM FOR RELIEF</u>
(CLAIM FOR INTEREST DUE
FOR LATE PAYMENTS)

25.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.    Pursuant to the terms of the Agreements and the Trusts, as set forth in paragraph 16(c) above, in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof.

27.    As a result of defendant's failure to timely pay fringe benefit contributions due for work performed pursuant to the Agreements during the months of May 2004 through November 2004, January 2005, February 2005, June 2005, July 2005, November 2005 through September 2006, and August 2007 through October 2007, interest in the amount of $28,381.17 became due and owing from defendant.

28.    None of the aforesaid interest contractually due has been paid by defendant, although all interest has been duly demanded.

29.    Defendant's failure to make payment constitutes a violation of the Agreements and the Trusts.

30.    Accordingly, pursuant to the Agreements and the Trusts, defendant Safeway is liable to plaintiffs Funds for interest in the amount of $28,381.17, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR DUES CHECKOFFS AND PAC CONTRIBUTIONS)

31.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32.    As a result of work performed pursuant to the Agreements by individual employees of defendant Safeway who authorized said deductions in writing, dues checkoffs and PAC contributions in the amount of $72,723.01, as determined by audits of defendant's books and records covering the periods January 1, 2003 through March 31, 2003, April 1, 2003 through September 29, 2004 and September 30, 2004 through June 26, 2005, became due and owing from defendant.

33.    Part of the aforesaid dues checkoffs and PAC contributions contractually due has been remitted by defendant, although all unremitted dues checkoffs and PAC contributions have been duly demanded.  A balance of $5,456.26 remains due and owing.

34.    Defendant's failure to remit all such deductions constitutes a violation of the Agreements.

35.    Accordingly, pursuant to the Agreements and section 301 of the Taft-Hartley Act (29 U.S.C. § 185), defendant Safeway is liable for: (a) the balance of dues checkoffs and PAC contributions in the amount of $5,456.26, plus such additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period June 27, 2005 to the date of judgment; and (b) interest on the unremitted dues checkoffs and PAC contributions.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
(CLAIM FOR AUDIT COSTS)

36.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.     The audit of defendant's books and records covering the period September 30, 2004 through June 26, 2005 revealed that defendant was substantially delinquent, as defined in the Agreements, in the payment of fringe benefit contributions to the Funds for that period.

38.     By virtue of defendant's substantial delinquency, there became due and owing from defendant the amount of $7,393.25 for the costs of the aforesaid audit.

39.     No part of the costs of the aforesaid audit contractually due has been paid by defendants, although all audit costs have been demanded.

40.     Defendants' failure to pay the costs of the aforesaid audit constitutes a violation of the Agreements and the Trusts.

41.     Accordingly, pursuant to the Agreements and the Trusts, defendant Safeway is liable for the costs of the aforesaid audit in the amount of $7,393.25, plus the costs of any audit of defendant's books and records for the period June 27, 2005 to the date of judgment if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

WHEREFORE, plaintiffs Funds demand judgment against defendant Safeway:

(a)     for payment of all past due fringe benefit contributions in the amount of $ 36,305.10, plus all additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period June 27, 2005 to the date of judgment, and which become due during the pendency of this action;

(b)     for accrued prejudgment interest on late payments of fringe benefit contributions in the amount of $28,381.17, plus the reasonable costs and attorneys' fees incurred by the Funds, pursuant to the Agreements and the Trusts;

(c)     for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(d)     for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(e)     for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

(f)     for remittance of dues checkoffs and PAC contributions in the amount of $5,456.26, plus all additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period June 27, 2005 to the date of judgment, and which become due during the pendency of this action, with interest;

(g)     for payment of the costs of the audit of defendants' books and records covering the period covering the period September 30, 2004 through June 26, 2005 in the amount of $7,393.25, plus the costs of any audit of defendant's books and records for the period June 27, 2005 to the date of judgment if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreements and the Trusts; and

(h)     for such other and further relief as the Court deems just and proper.

Dated: New York, New York
          February 29, 2008

PROSKAUER ROSE LLP
Attorneys for Plaintiffs

By: _Sally L. Schneider_
          Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

sschneider@proskauer.com

9